Thompson v. Mott-Smith, 21 Haw. 334.

## CHARLES E. THOMPSON AND M. C. PACHECO *v.* E. A. MOTT-SMITH, SECRETARY OF THE TERRITORY OF HAWAII.

SUBMISSION UPON AGREED STATEMENT OF FACTS.

ARGUED OCTOBER 24, 1912.                    DECIDED OCTOBER 25, 1912.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

ELECTIONS—*nomination papers construed.*

A nomination paper which is dated at Wailuku, Maui, in the second senatorial district, which recites that an election for senators for the second senatorial district has been ordered, and requests the addressee to be a candidate for "senator for the Territory of Hawaii," and nominates him as a candidate for "said position," and is signed by the required number of electors, all of whom are electors of the second senatorial district, and to which is appended a written acceptance and declaration signed by the addressee that he is "qualified to be a candidate for senator for the second senatorial district," is construed and held to be a request to and nomination of the addressee to be a candidate for senator for the second senatorial district of the Territory. A paper in general form similar to that above described purporting to nominate the addressee to be a candidate for "representative for the Territory of Hawaii," held to be a request to and nomination of the addressee to be a candidate for representative for the third representative district of the Territory.

SAME—*statement by candidate of party affiliation or non-partisanship.*

The failure of a candidate to state, at the time of filing his nomination paper, by what political party he is nominated or his non-partisanship, will not require or justify the omission of the candidate's name from the official ballot.

OPINION OF THE JUSTICES BY ROBERTSON, C.J.

It has been made to appear that two persons, to wit, H. B. Penhallow and H. A. Baldwin, qualified for election in the premises, on or before the 5th day of October 1912, caused to be filed with the secretary of the Territory, nomination papers purporting to nominate and request them respectively to stand as

candidates for election as senators at the approaching general
election, and that six other persons, to wit, G. P. Cooke, P. J.
Goodness, C. K. Makekau, A. F. Tavares, E. Waiaholo and J.
Wilcox, each of whom is qualified for election as representative
from and for the third representative district, on the 5th day
of October 1912, caused to be filed with the secretary six several
papers which respectively purport to be papers nominating and
requesting them respectively to stand as candidates for election
as representatives at said election; that each of said nomination
papers was signed by upwards of twenty-five qualified electors
of the second senatorial district and the third representative dis-
trict (said districts being coextensive and embracing the counties
of Maui and Kalawao); that each of said nominees has deposited
the fee required by law to be deposited by candidates; and that
the secretary of the Territory contends that it is his duty to
print the names of said persons upon the official ballots for sena-
tors for the second senatorial district and representatives for
the third representative district respectively for use at said elec-
tion. The plaintiffs contend that the names of said persons
should not be placed upon the ballots because of the following
facts, to wit: That neither of said nomination papers of the
said Penhallow or Baldwin is in law a nomination of or a re-
quest to either of them to stand as a candidate for the office of
senator for the second senatorial district; that none of said nomi-
nation papers of the said Cooke, Goodness, Makekau, Tavares,
Waiaholo or Wilcox is in law a nomination of or a request to any
of them to stand as a candidate for election as a representative
in or for the third representative district; and that none of said
nominees, at the time of filing his nomination paper, stated to
the secretary by what political party he was nominated, or his
non-partisanship.

The nomination papers of said several nominees are in the
same general form. The contention that the papers do not con-
stitute nominations of or requests for the persons named to be-
come candidates for senators or representatives respectively of

any particular senatorial or representative district arises from the language used in the papers. Each of the papers of the nominees for senator is dated at Wailuku, Maui, September 19, 1912, addressed to the nominee, and contains the following: "The undersigned duly qualified electors in and for the County of Maui, Territory of Hawaii, in which an election for Senators for the Second Senatorial District to be held on Tuesday the 5th day of November, A. D. 1912 has been duly ordered, hereby request you to be a candidate for Senator for the Territory of Hawaii, and hereby nominate you as a candidate for said position, and hereby authorize you to file this request and nomination with the proper authorities as provided by law, as your authority to stand as such candidate." Then follow the names of the signatories, and, in conclusion, the written acceptance of the nominee of "the foregoing nomination," his declaration that he is "qualified to be a candidate for Senator for the Second Senatorial District, Territory of Hawaii," and the signature and address of the nominee. It is argued that as there can be no such thing as a candidate for senator for the Territory of Hawaii and as the paper does not nominate or request the nominee to be a candidate for senator for any specified senatorial district the paper is ineffective for any purpose. We agree with counsel for the plaintiffs that the acceptance and declaration of the nominee at the foot of the paper would be ineffectual to give validity to the document as a nomination paper if for the reason stated the attempted nomination should be held invalid. The acceptance and declaration show, however, the understanding of the nominee as to what he was requested to become a candidate for and what he consented to. In construing the paper we should assume that the persons who signed it intended to do something which they had a legal right to do, and that they did not intend to do a vain and frivolous thing. Section 31 of the Revised Laws provides that no person shall be permitted to stand as a candidate for election to the legislature unless he shall be nominated and so requested in writing, signed by not less than

twenty-five duly qualified electors of the district in which an election is ordered, and in which he is requested to be a candidate. The persons who signed the paper are electors of the second senatorial district. They had no legal right or authority to request any one to become a candidate for senator except for the second district. Furthermore, the paper was dated at Wailuku, the county seat of the county of Maui, which is embraced in the legislative district mentioned, and it mentions that an election has been ordered for senators for the second senatorial district. In view of all this the only fair, reasonable and sensible construction that can be given the paper is that it is a nomination of the person addressed to be a candidate for senator for the second senatorial district and a request that he become such candidate. The court is in duty bound to give a proper and legal effect to the paper unless there is something on its face or in connection with it which would prevent its being given validity. In giving this paper the effect above indicated no violence whatever is done its language, and nothing is read into it which is not clearly inferable from the paper itself. The paper is construed according to the manifest intent of the parties who signed it. What we have said applies equally to the papers of the several nominees as candidates for representative. It is accordingly held that the nomination papers were sufficient in substance.

In regard to the second ground which has been asserted, it appears that at the time of the filing of the nomination papers none of the nominees stated by what political party he was nominated, but that later, and on or before October 17th, they each notified the secretary in writing, one, Mr. Cooke, by writing the words "republican party" across the face of his nomination paper, and the others by letter, that he had received the nomination of the republican party. Section 69 of the Revised Laws, as amended by Act 67 of the Session Laws of 1911, provides that "A ballot shall contain the name or names of the person or persons to be voted for, the office or offices for, and the

district in which the election is being held, and the term or terms of the respective offices being voted for. The name or names of the candidate or candidates shall be printed with the Hawaiian or English equivalent, if such there be, if the candidate shall so request the Secretary of the Territory in writing at the time his nomination is filed with the Secretary of the Territory, and such candidate shall, at the time of filing his nomination papers, state by what political party he is nominated or his non-partisanship, as the case may be, in order that such party affiliation or non-partisanship may be printed on the ballot in front of the name of such candidate."

Counsel for the plaintiffs urge that the provision of that section that "such candidate shall, at the time of filing his nomination papers, state by what political party he is nominated or his non-partisanship, as the case may be," must be regarded as mandatory and that the information as to partisanship may not be supplied after the nomination paper has been filed. It is argued that the failure to make such statement at the time specified must result, not merely in the omission of the party designation opposite the name of the candidate on the ballot, but in preventing the printing of the nominee's name on the ballot. An analysis of the statutory provision above quoted shows that the only peremptory and invariable requirement as to the ballot is that it shall contain the names of the candidates, the office or offices for, and the district in which the election is being held, and the term or terms of the respective offices being voted for. Whether the Hawaiian or English equivalent of the candidate's name shall appear on the ballot depends on whether the candidate has requested it. The partisanship or non-partisanship shall be stated by the candidate, not as a prerequisite to the candidate's name being printed on the ballot, but, in the words of the statute, "in order that such party affiliation or non-partisanship may be printed on the ballot in front of the name of such candidate." There is no absolute requirement that the party affiliation or non-partisanship of each candidate shall be indi-

cated on the ballot. There is no provision prohibiting the printing of a candidate's name on the ballot without such designation. We believe it to be clear, therefore, that the failure of a candidate to state his party affiliation or non-partisanship would not require or justify the omission of his name from the official ballot. Whether the names of the nominees in question should appear on the ballots with or without any party designation on the theory that the provision as to the time for furnishing the statement as to partisanship is mandatory so that it may not be received by the secretary except at the time of the filing of the nomination papers, or on any other theory, is a question not involved in this case, and no opinion is expressed as to it.

We hold it to be the duty of the secretary of the Territory to print the names of said nominees upon the ballots for senators or representatives, as the case may be, in accordance with their respective nominations, and authorize the entry of a judgment requiring him so to do agreeably with the prayer of the submission.

*C. W. Ashford and R. P. Quarles (J. Lightfoot and J. L. Coke with them on the brief) for plaintiffs.*

*A. Lindsay, Jr., Attorney General,* for defendant.